

FILED

10/05/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0082

DA 20-0082

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 261N

---

CITY OF BILLINGS,

     Plaintiff and Appellee,

v.

KATRINA LYNN HOFMAN,

     Defendant and Appellant,

FILED

OCT 0 5 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

---

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 19-0041
Honorable Mary Jane Knisely, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Chad Wright, Appellate Defender, Moses Okeyo, Assistant Appellate
Defender, Helena, Montana

    For Appellee:

        Austin Knudsen, Montana Attorney General, Jonathan M. Krauss, Assistant
Attorney General, Helena, Montana

        Gina Dahl, Billings City Attorney, Chantel Anderson, Deputy City
Attorney, Billings, Montana

---

Submitted on Briefs:  August 4, 2021

Decided:  October 5, 2021

Filed:

                      _____
                          Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Katrina Lynn Hofman was convicted of two counts of Violation of Order of Protection in the Billings Municipal Court after multiple alleged contacts with C.S., the person protected by the order. The Thirteenth Judicial District Court affirmed. On appeal to this Court, Hofman argues that the Municipal Court should have excluded from evidence a recording C.S. made of one of Hofman's phone calls without her knowledge because C.S. violated Montana's Privacy in Communications statute, § 45-8-213, MCA. We affirm.

¶3 In February 2018, C.S. obtained an order of protection against Hofman, his former girlfriend, because she was allegedly harassing him and his family through text messages. The protective order stated in part that "[Hofman] shall not harass, annoy, disturb the peace of, telephone, email, contact or otherwise communicate, directly or indirectly, with [C.S.]." In March 2018, Hofman violated this provision by phoning C.S. more than fifty times within one hour. C.S. recorded one of these phone conversations because he knew that Hofman typically called from unknown phone numbers. C.S. provided the recording to Officer Stovall, the investigating officer. Officer Stovall also photographed C.S.'s phone to document Hofman's numerous calls.

¶4 The City of Billings charged Hofman in the Municipal Court with two counts of Violation of Order of Protection. The Municipal Court held a trial on December 12, 2018. At trial, Hofman's defense attorney objected to the admission of the recording on the ground that it was obtained in violation of the Privacy in Communications statute. The City countered that Hofman should have raised the objection in a pretrial motion to suppress. The court denied the objection, noting that, although Hofman had every right to report the incident to law enforcement, she could not use the Privacy in Communications statute to exclude the recording from evidence. The court also agreed with the City that the objection should have been raised in a pretrial motion to suppress.

¶5 On appeal to the District Court, Hofman argued that the Municipal Court abused its discretion when it refused to consider her objection and that the court erred when it admitted the phone recording. The District Court held: (1) the Municipal Court did not abuse its discretion because Hofman had ample time and opportunity to raise her objection before trial and, therefore, could not establish the "good cause" exception of § 46-13-101, MCA; and (2) the Municipal Court did not err by admitting the recording because the Privacy in Communications statute "does not provide an independent statutory remedy" for suppression of evidence.

¶6 We review "an appeal of a district court's decision on appeal from a municipal court as if the appeal originally had been filed in this Court." *City of Missoula v. Pope*, 2021 MT 4, ¶ 5, 402 Mont. 416, 478 P.3d 815 (citation omitted). We review a denial of a motion to suppress to determine whether the district court's findings of fact were clearly

3

erroneous and whether its interpretation and application of the law were correct. *State v. Wolfe*, 2020 MT 260, ¶ 6, 401 Mont. 511, 474 P.3d 318 (citation omitted). Hofman asserts that the issue she appeals is properly before this Court because the trial court had full opportunity to consider it after hearing the parties' arguments, and both the Municipal Court and the District Court addressed it. We turn to the merits of Hofman's claim.

¶7 In *State v. Long*, 216 Mont. 65, 71, 700 P.2d 153, 157 (1985), we held that "the privacy section of the Montana Constitution contemplates privacy invasion by state action only." We explicitly overruled a line of cases holding that "private searches invade privacy rights protected by the Constitution and are properly the subject of our exclusionary rule." *Long*, 216 Mont. at 67, 69, 700 P.2d at 155-56 (overruling *State v. Hyem*, 193 Mont. 51, 630 P.2d 202 (1981), and similar cases). In *State v. Christensen*, 244 Mont. 312, 319, 797 P.2d 893, 897 (1990), we addressed the question *Long* did not resolve, stating that "the exclusionary rule does not apply to evidence resulting from the conduct of private individuals, even if felonious, unless that conduct involves state action."

¶8 Hofman does not argue that C.S.'s recording of her phone call involved any state action. She instead urges this Court to revisit *Long* and re-establish the line of precedent it overruled. In support of this argument, Hofman cites *State v. Van Haele*, 199 Mont. 522, 530, 649 P.2d 1311, 1315 (1982), *overruled by Long*, where we stated that admitting illegally obtained evidence by private citizens would "encourage a vigilante movement[.]" We considered and rejected similar policy arguments in *Long* and in *Christensen*. *See Long*, 216 Mont. at 71-72, 700 P.2d at 157-58 (discussing the extension of the silver

4

platter doctrine and holding that "judicial integrity" did not justify exclusion of evidence seized by a private trespasser); *Christensen*, 244 Mont. at 317-18, 797 P.2d at 896 ("The respondent's arguments awaken the image of spectral horsemen riding forth from Virginia City to enforce law and order in our communities, but leaving in their dust the trampled remnants of the constitution."). We decline to revisit *Long* as Hofman offers no novel arguments for overruling it and fails to demonstrate that it is manifestly incorrect.

¶9 Hofman's situation is addressed squarely by *Christensen*. Even if C.S. violated the Privacy in Communications statute, the recording is not subject to the exclusionary rule because C.S. obtained it privately, without state involvement. Therefore, the Municipal Court correctly overruled Hofman's objection to the admission of the phone recording.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law. The District Court correctly applied the law when it upheld Hofman's conviction. Its December 10, 2019 Order is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

5

_____

_____

_____
Justices